TROY LAW, PLLC
*Attorneys for the Plaintiff, proposed FLSA*
*Collective Class, and potential Rule 23 Class*
John Troy (JT 0481)
41-25 Kissena Blvd., Suite 119
Flushing, NY 11355
Tel: (718) 762-1324

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
JIA REN WEI,
*on behalf of himself and others similarly situated,*
                                Plaintiff,

                    v.

WA WA SAN INC. d/b/a Pulau Pinang;
PENANG HOUSE INC. d/b/a Pulau Pinang;
AH ENG OOI,
TECK KONG LO,
JING PING MA,
CHIEWSZE CHEAH,
CINDY CHEAH,
JUAN LEE CHEAH,
KUOKAI CHEAH,
CHUEN LEUNG,
MIN SOON LING and
CHRIS OOI,
                                Defendants.
---------------------------------------------------------------- x

C ase No: 16-cv-3712

**AFFIDAVIT OF JIA REN WEI**

       I, JIA REN WEI, being duly sworn and under penalty of perjury, depose and state as follows:

1.    I am a resident of 9117 35th Avenue, Jackson Heights, New York 11372 and I am over 18 years of age.

2.    I am a Plaintiff in the above-captioned action, and I have personal knowledge of the matters stated below.

3.    I was employed by Defendants WA WA SAN INC. d/b/a Pulau Pinang and PENANG HOUSE INC. d/b/a Pulau Pinang; AH ENG OOI, TECK HONG LO, JING PING MA,

1

CHIEWSZE CHEAH, CINDY CHEAH, JUAN LEE CHEAH, KUOKAI CHEAH, CHUEN LEUNG, MIN SOON LING and CHRIS OOI (hereinafter referred to as "Defendants").

4. I worked for Defendants from on or about September 18, 2015 to on or about June 6, 2016 as a dishwasher/busser.

5. At all relevant times, I regularly worked in excess of forty (40) hours per week.

6. At all relevant times, I regularly worked an average of sixty-six (66) hours each week.

7. At all relevant times, my work schedule was as follows:

   a. 13:00 to 24:00/00:00 (the next day) for eleven (11) hours a day on Sundays, Mondays, Wednesdays, and Thursdays for four (4) days for forty-four (44) hours each week; and

   b. 13:30 to 24:30/00:30 (the next day) for eleven (11) hours a day on Fridays and Saturdays, for two (2) days for twenty-two (22) hours each week.

8. My duties as a dishwasher/busser included washing dishes, cooking rice, mopping the kitchen floor, peeling bamboo shoots, taking out garbage, and bussing tables.

9. In addition to the above duties, from on or about November 15, 2015 to on or about June 6, 2016, I was required to cover for Pulau Pinang's deliveryman on Mondays, which he had off.

10. I used my own car to make these deliveries. My employer did not compensate me for gas, tolls, maintenance, or any other expense associated with using a car to make deliveries.

11. From on or about September 18, 2015 to February 8, 2016, I was paid a flat compensation of one thousand nine hundred dollars ($1,900) per month in cash. This was below the minimum wage.

12. From on or about February 9, 2016 to April 8, 2016, I was paid a flat compensation of two thousand dollars ($2,000) per month in cash. This was below the minimum wage.

13. From on or about April 9, 2016 to May 8, 2016, I was paid a flat compensation of two thousand one hundred dollars ($2,100) per month in cash. This was below the minimum wage.

14. I was paid for my work the foregoing month on or about the 5th day of each new month.

15. I was not compensated at least the minimum hourly wage rate for each hour I worked.

16. I was not given a fixed time to eat lunch or dinner. I was required to finish my meals in less than ten (10) minutes.

17. During the entirety of my work with Defendants from on or about September 18, 2015 to on or about June 6, 2016, I never asked for leave or time off.

18. I was not compensated one-and-one-half of the greater of the minimum wage or my hourly wage for all hours worked above (40) in each workweek.

19. I was not compensated an additional hour's pay at the minimum wage for workdays lasting longer than ten (10) hours.

20. Defendants failed to accurately record the total amount of hours I worked each week and the amount of pay I received for each hour worked.

21. My and other employees' arrivals and departures from work were not recorded, either by computer, time clock, or sign-in sheet.

22. At the time I was hired, I was not given written notice, either in English or in my primary language of Chinese, of my hourly pay rate and payday.

23. Throughout my employment, I was not given notice of my hourly pay rate and payday.

24. Throughout my employment, I was not given a pay stub that listed: my name; the name, address, and telephone number of my employer; my rate of pay; any deductions from my wages; allowances claimed toward the minimum wage; and my gross and net wages.

25. Along with my pay for November 2015, and for all months thereafter but one, I was

given a pay stub that listed only the amount of pay I would receive that month, and included a space for me to sign my name.

26. Some months this stub would include my family name as well, but no other information.

27. For one month between December 2015 and June 2016, I was not given a pay stub. I do not remember which month.

28. As a dishwasher/busser, I was not paid tips. As a substitute deliveryman, I received tips.

29. Throughout my employment, I was not informed of any tip deductions towards the minimum wage, and my pay did not go up or down if I received tips.

30. The Defendants never provided me with any written information about minimum wage or overtime under New York state or federal laws.

31. I never saw any Department of Labor posters at Defendants' restaurant, Pulau Pinang, that told me that I had to be paid the minimum wage, overtime wage, and spread-of-hours pay for the hours that I worked.

32. Defendant Ah Eng Ooi had the power to hire and fire me, set my wages, set the terms and conditions of my employment, and had the authority to maintain my employment records.

33. Defendant Teck Hong Lo had the power to hire and fire me, set my wages, set the terms and conditions of my employment, and had the authority to maintain my employment records.

34. Teck Hong Lo is one of the shareholders of Pulau Pinang and Ah Eng Ooi's ex-husband.

35. Defendant Jing Ping Ma had the power to hire and fire me, set my wages, set the terms and conditions of my employment, and had the authority to maintain my employment records.

36. Defendant Jing Ping Ma would pay me and other restaurant employees each pay day every month.

37. Defendant Jing Ping Ma has hired Liu, and a Malaysian fry wok, and fry wok Li.

38. Defendant Jing Ping Ma fired fry wok Li.

39. Defendant Jing Ping Ma primarily manages the back-of-the-house, including fry wok, oil wok, dishwashers, bussers and food prep.

40. Defendants Ah Eng Ooi and Jing Ping Ma hired me.

41. Defendant Chiewsze Cheah had the power to hire and fire me, set my wages, set the terms and conditions of my employment, and had the authority to maintain my employment records.

42. Defendant Cindy Cheah had the power to hire and fire me, set my wages, set the terms and conditions of my employment, and had the authority to maintain my employment records.

43. Defendant Juan Lee Cheah had the power to hire and fire me, set my wages, set the terms and conditions of my employment, and had the authority to maintain my employment records.

44. Defendant Kuokai Cheah had the power to hire and fire me, set my wages, set the terms and conditions of my employment, and had the authority to maintain my employment records.

45. The Cheah family are also partners of the Pulau Pinang restaurant.

46. Defendant Chuen Leung had the power to hire and fire me, set my wages, set the terms and conditions of my employment, and had the authority to maintain my employment records.

47. Defendant Min Soon Ling had the power to hire and fire me, set my wages, set the terms and conditions of my employment, and had the authority to maintain my employment records.

48. Defendant Chris Ooi had the power to hire and fire me, set my wages, set the terms and conditions of my employment, and had the authority to maintain my employment records.

49. Chris Ooi is the son of Ah Eng Ooi.

50. This document has been translated to me in my native language of Chinese, and I fully comprehend the contents.

**WHEREFORE,** I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

Dated: June 5, 2017

                                                       _/s/ Jaren Wei_
                                                       JIA REN WEI

Sworn to me this 5th day of June, 2017

_/s/ John Troy_
Notary Public

JOHN TROY
Notary Public, State of New York
No. 02TR6121824
Qualified in Queens County
Commission Expires 4/17, 20 21