TROY LAW, PLLC
*Attorneys for the Plaintiff, proposed FLSA Collective Class, and potential Rule 23 Class*
John Troy (JT 0481)
41-25 Kissena Blvd., Suite 119
Flushing, NY 11355
Tel: (718) 762-1324

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

--------------------------------------------------------------- x
JIA REN WEI,
*on behalf of himself and others similarly situated*,
         Plaintiff,

     v.

WA WA SAN INC. d/b/a Pulau Pinang;
PENANG HOUSE INC. d/b/a Pulau Pinang;
AH ENG OOI,
TECK KONG LO,
JING PING MA,
CHIEWSZE CHEAH,
CINDY CHEAH,
JUAN LEE CHEAH,
KUOKAI CHEAH,
CHUEN LEUNG,
MIN SOON LING and
CHRIS OOI,
         Defendants.
--------------------------------------------------------------- x

**Case No: 16-cv-3712**

**<u>AFFIRMATION OF JOHN TROY IN SUPPORT OF MOTION FOR DEFAULT</u>**

I, JOHN TROY, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that:

1. I represent the plaintiff in this lawsuit for unpaid minimum wage, overtime compensation, spread-of-hours damages, liquidated damages, and attorney's fees under the Fair Labor Standards Act, New York Labor Law and regulations promulgated thereunder. I submit this declaration in support of Plaintiff's application for a default judgment against Defendants, WA WA SAN INC. d/b/a Pulau Pinang; PENANG HOUSE INC. d/b/a Pulau Pinang; AH ENG OOI, TECK KONG LO, JING PING MA, CHIEWSZE CHEAH, CINDY CHEAH, JUAN LEE

CHEAH, KUOKAI CHEAH, CHUEN LEUNG, MIN SOON LING, and CHRIS OOI pursuant to Fed. R. Civ. P. 55(b)(2) and Local Rule 55.2(b).

2. This is an action for unpaid wages, overtime, spread of hours pay, liquidated damages, interest, costs and attorney's fees under the Fair Labor Standards Act (29 U.S.C. § 201 *et seq.*, the "FLSA") the New York Labor Law ("NYLL"), and associated rules and regulations.

3. The Court has subject matter jurisdiction of the Plaintiff's federal claims pursuant to 29 U.S.C. §§ 201 *et seq.* (FLSA) and 28 U.S.C. § 1331 (federal question), and jurisdiction over the New York state law claims (such as the NYLL) under 28 U.S.C. § 1367(a) (supplemental jurisdiction).

4. Plaintiff commenced this action by filing his original Complaint (and associated documents) on July 4, 2016. A copy of the original Complaint is attached as "Exhibit [1]."

5. Copies of the original Summons and original Complaint were served on corporate defendants WA WA SAN INC. d/b/a Pulau Pinang and PENANG HOUSE INC. d/b/a Pulau Pinang on July 14, 2016. Proofs of service were filed on July 18, 2016 and are attached as "Exhibits [2] – [3]."

6. Copies of the original Summons and original Complaint were served on Individual Defendants AH ENG OOI, TECK KONG LO, CHIEWSZE CHEAH, CINDY CHEAH, JUAN LEE CHEAH, KUOKAI CHEAH, CHUEN LEUNG, MIN SOON LING, and CHRIS OOI on July 14, 2016. A copy of the Summons and Complaint was also mailed to Individual Defendants AH ENG OOI, TECK KONG LO, CHIEWSZE CHEAH, CINDY CHEAH, JUAN LEE

CHEAH, KUOKAI CHEAH, CHUEN LEUNG, MIN SOON LING, and CHRIS OOI on July 15, 2016. Proofs of service were filed on July 18, 2016 and are attached as "Exhibits [4] – [12]."

7.    Corporate Defendants, WA WA SAN INC. d/b/a Pulau Pinang and PENANG HOUSE INC. d/b/a Pulau Pinang have failed to answer the Complaint or otherwise appear in this action.

8.    Individual Defendants AH ENG OOI, TECK KONG LO, CHIEWSZE CHEAH, CINDY CHEAH, JUAN LEE CHEAH, KUOKAI CHEAH, CHUEN LEUNG, MIN SOON LING, and CHRIS OOI have failed to answer the Complaint or otherwise appear in this action.

9.    Individual Defendants AH ENG OOI, TECK KONG LO, CHIEWSZE CHEAH, CINDY CHEAH, JUAN LEE CHEAH, KUOKAI CHEAH, CHUEN LEUNG, MIN SOON LING, and CHRIS OOI are neither infants nor incompetents nor in the military.

10.   Plaintiff obtained a Clerk's Certificate of Default, stating that Defendants were properly served and failed to appear. The Certificate is signed and stamped by the Clerk of the Court and true copies are attached hereto as "Exhibit [13]."

11.   Plaintiff amended his Complaint (and associated documents) on January 6, 2017 to include Individual Defendant JING PING MA. A copy of the Amended Complaint is attached as "Exhibit [14]."

12.   Copies of the Amended Summons and Amended Complaint were served on corporate defendants WA WA SAN INC. d/b/a Pulau Pinang and PENANG HOUSE INC. d/b/a Pulau Pinang on January 27, 2017. Proofs of service were filed on April 14, 2017 and are attached as "Exhibits [15] – [16]."

13. Copies of the Amended Summons and Amended Complaint were served on Individual Defendants AH ENG OOI, TECK KONG LO, JING PING MA, CHIEWSZE CHEAH, CINDY CHEAH, JUAN LEE CHEAH, KUOKAI CHEAH, CHUEN LEUNG, MIN SOON LING, and CHRIS OOI on January 27, 2017. A copy of the Summons and Complaint was also mailed to Individual Defendants AH ENG OOI, TECK KONG LO, JING PING MA, CHIEWSZE CHEAH, CINDY CHEAH, JUAN LEE CHEAH, KUOKAI CHEAH, CHUEN LEUNG, MIN SOON LING, and CHRIS OOI on January 28, 2017. Proofs of service were filed on April 14, 2017 and are attached as "Exhibits [17] – [26]."

14. Corporate Defendants, WA WA SAN INC. d/b/a Pulau Pinang and PENANG HOUSE INC. d/b/a Pulau Pinang have failed to answer the Complaint or otherwise appear in this action.

15. Individual Defendants AH ENG OOI, TECK KONG LO, JING PING MA, CHIEWSZE CHEAH, CINDY CHEAH, JUAN LEE CHEAH, KUOKAI CHEAH, CHUEN LEUNG, MIN SOON LING, and CHRIS OOI have failed to answer the Complaint or otherwise appear in this action.

16. Individual Defendants AH ENG OOI, TECK KONG LO, CHIEWSZE CHEAH, CINDY CHEAH, JUAN LEE CHEAH, KUOKAI CHEAH, CHUEN LEUNG, MIN SOON LING, and CHRIS OOI are neither infants nor incompetents nor in the military.

17. Plaintiff obtained a Clerk's Certificate of Default, stating that Defendants were properly served and failed to appear. The Certificate is signed and stamped by the Clerk of the Court and true copies are attached hereto as "Exhibit [27]."

18.     Plaintiff incurred costs and attorney's fees in pursuing this action, and seek an award of reasonable attorney's fees and costs. Attached as "Exhibit [28]" is a breakdown of attorney's fees and costs incurred in filing the Complaint and seeking default judgment, in the form of my firm's standard billing sheet.

19.     Plaintiff seeks an award of damages in this motion for default judgment, and as such, assert that definitive information and documentation exists such that the amount provided for in the proposed judgment can be calculated. A copy of the proposed judgment is attached as "Exhibit [29]." However, in the event this requirement cannot be satisfied, Plaintiff seeks a default judgment as to liability, and request that damages be determined by an inquest, should the Court deem these papers insufficient to support an award of damages at this juncture.

20.     Plaintiff's uncontested allegations provide the required support for a default judgment. (See accompanying memorandum of law ("Mov. Mem." Point I.)

21.     With respect to damages, the record supports an award to Plaintiffs of back pay under the FLSA and applicable New York law; mandatory liquidated damages under the FLSA and New York Labor Law; prejudgment interest under New York Law; and costs and attorney's fees under the FLSA and New York Labor Law. ("Mov. Mem." Point II.)

22.     Plaintiff is entitled to a three-year limitations period under the FLSA, as the uncontested evidence in the record supports a finding of willfulness and lack of good faith. ("Mov. Mem." Point II).

23.     A spreadsheet detailing the amount of money Defendants owe Plaintiff pursuant to both the FLSA and NYLL is attached herein as "Exhibit [30]," [1] and are calculated as follows:

    a.     The relevant *Period* of the plaintiff's employment, the relevant minimum wage during that time period, the monthly pay rate and its conversion into equivalent hourly rate;

    b.     *Hours Worked per Week*;

    c.     The number of *Weeks* in each period that the plaintiff worked—an employment period may further be broken up in the sheet to reflect a change in minimum wage under the FLSA, NYLL or both.

    d.     The amount of *Minimum Wage Damages ("MW"), per week* that a plaintiff is entitled to.

        i. Where an employee receives a straight weekly salary, there is a rebuttable presumption that the salary covers 40 hours worked. Therefore, to determine the regular rate, the weekly salary is divided by 40 hours. *Moon v. Kwon*, 248 F. Supp. 2d 201, 207–08 (S.D.N.Y. 2002); *Giles v. City of New York*, 41 F. Supp. 2d 308, 317 (S.D.N.Y. 1999); *Berrios v. Nicholas Zito Racing Stable, Inc.*, 849 F. Supp. 2d 372, 385 (E.D.N.Y. 2012).

---

[1] Under *Chowdhury v. Hamza Express Food Corp. et al.*, No 15-3142-cv, 2016 WL 7131854 (2d Cir. Dec. 7, 2016), a Plaintiff is entitled to the greater of the compensatory damages available under FLSA and NYLL, and the greater of the liquidated damages available under FLSA and NYLL, but not to liquidated damages under both FLSA and NYLL. Exhibit [30] uses NYLL damages in its final calculation, with FLSA damages included for illustration purposes only.

      ii. Accordingly, to determine minimum wage and overtime compensation due to Plaintiff, the regular rate is calculated by finding the equivalent straight weekly salary from the monthly pay rate, and then using that salary to determine the regular rate. Their regular rate is calculated by finding the equivalent straight weekly salary from the monthly pay rate for the relevant employment periods.

e.    The amount of *Overtime Damages ("OT"), per week* the plaintiff is entitled to.

      i. Under 29 C.F.R § 776.5, the required minimum wages and overtime are not dependent on the method of compensation of employees. That is, regardless of whether an employee is paid on piecework, hourly, commission, or other basis, the employee must be paid the equivalent of the required minimum wage rate and overtime rate for hours worked. Unpaid wages for each period are calculated as the difference between the lawfully required pay per week and the employee's actual pay per week, times the number of weeks in each time period.

      ii. Lawful pay per week is the greater of the actual regular rate or the statutory minimum wage rate times hours worked per week up to 40 hours per week, plus the greater of the actual overtime rate or the lawful overtime rate times hours worked per week in excess of 40 hours per week. The actual regular rate is the actual weekly pay divided by the total hours worked per week. The actual overtime rate is 1.5 times the actual regular rate. 29 C.F.R. § 778.109; §113(a).

      iii. To determine the overtime pay the Plaintiff is entitled to during the relevant periods, the regular rate is multiplied by 1.5, then multiplied by the number of hours greater than 40 that plaintiff worked in each workweek.

f. *The sum of Weekly Damages* which incorporates minimum and overtime damages of the week, and spread of hours pay if applicable.

g. *The Damages in the period* – the weekly damage multiplied by the number of weeks in the period;

h. *FLSA Liquidated Damages*—computed at 100% of the unpaid wages;

i. *NYLL Liquidated Damages*—upon the enforcement of the New York wage Theft Protection Act on April 9, 2011, liquidated damages on unpaid wages are computed at 100% (double the damages) NYLL § 663(1).

j. *NY Paystub Violation*—Defendants failed provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime pay every year. Plaintiff is entitled to recover from Defendants, jointly and severally, one hundred dollars a week for each week of the violation together not to exceed a total of twenty-five hundred dollars with costs and attorney fees pursuant to NYLL §198(1-d).

k. *NY Wage Notice Violation*—Plaintiff is also entitled to recover from Defendants, jointly and severally, fifty dollars a week for each week of the violation together not to exceed a total of twenty-five hundred dollars with costs and attorney's fees pursuant to NYLL §198(1-d).

   l. *NYLL Prejudgment Interest*—equivalent to the product of 9%, the total NYLL damages, and the number of years Plaintiff worked;

   m. *Cost and fees*—The Plaintiff is also entitled to recover costs and reasonable attorney's fees. (Mov. Mem. Point II.)

    i. The firm's time records regarding work done and expenses incurred on this particular case are attached as "Exhibit [28]."

24. Plaintiff's Affidavit, detailing his schedule and rate of pay is attached as Exhibit [31].

25. Based on the above information and exhibits, Plaintiff asserts the record supports a judgment against the Defendants in the amount of $47,800.00 for Plaintiff Jia Ren Wei for wage and hour damages, liquidated damages, paystub and wage notice violations, and prejudgment interest, and $13,463.00 in attorney's fees and costs to the date of this affirmation. Prejudgment interest continues to run and should ultimately be computed through the date judgment is entered.

26. As shown in Plaintiff's Memorandum of Law, no inquest is necessary when, as in the present case, the Court has before it the proper measure of damages and evidence submitted by the Plaintiff that allows damages to be calculated with reasonable certainty. The computation of damages in accordance with the methods described above is set forth in the accompanying spreadsheets.

27. No part of the judgment sought has been paid.

28.     Sufficient definitive information and documentation is provided such that the amount provided for in the proposed judgment can be calculated, based upon allegations contained in the Complaint, and supplemented by the Plaintiff's declarations accompanying these motion papers.

29.     Plaintiff also requests interest on the principal amount of the judgment at the federal post-judgment interest rate, pursuant to 28 U.S.C. § 1961.

30.     Plaintiff also requests that the judgment provide that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal, and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4).

31.     The calculations made in arriving at the proposed judgment amount are set forth in both the explanation above and in the damage charts themselves.

32.     For the reasons stated above and in the accompanying affidavits and exhibits, Plaintiff's motion for default judgment should be granted.

33.     I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Dated: July 6, 2017
       Flushing, NY

/s/ John Troy
John Troy (JT 0481)
TROY LAW, PLLC
41-25 Kissena Boulevard, Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
johntroy@troypllc.com